UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON VRH,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLE GORDIAN, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01248-JLT-EPG (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COURT'S SERVICE PROCEDURES<br><br>(ECF No. 35) |

Plaintiff Aaron Vrh is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.

On March 9, 2026, Plaintiff filed a "Motion for Clarification for Service Clarification by Incarcerated Plaintiff of Clerk of the Court or if needed by the Court." (ECF No. 35). In the motion, Plaintiff states:

> I previously received instruction from the Clerk and/or the Court that due to my incarceration and my inability to serve defendants electronicly [sic] due to my incaerceration that the court would allow me to provide proof of service upon the court and then the court and/or Clerk would provide service electronicly [sic] to the defendants. I now received the attached notice form the defendants counsel in contradiction to the court instruction claiming requirement of documents to be served at his San Francisco address. Can the Clerk please provide clarification on this matter. Of it necessary clarification from the Court.

(*Id.*).

The Court grants Plaintiff's motion to the extent it provides the following clarification: Plaintiff was sent Prisoner New Case Documents on October 15, 2024, and within those documents is "The First Informational Order in Prisoner/Civil Detainee Civl Rights Case." (ECF No. 3). That document contains two sections regarding Plaintiff's request: Service of Documents and Discovery. (*Id.* at 4).

The Service of Documents section provides the following guidance:

> Once an attorney for a defendant appears in a pro se plaintiff's civil rights action (by filing an answer, a motion to dismiss, a motion for summary judgment, etc.), that attorney's office will receive notice of all filings through the Court's electronic filing system (ECM/ECF). A pro se plaintiff need not serve documents on counsel for a defendant; the date of the electronic Notice from ECM/ECF is the date of service. Local Rule 135(a). However, for purposes of application of the "Mailbox Rule," see *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009), on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed. A sample Proof of Service form is attached to this Order.

(*Id.*).

Next, the Discovery section, subsection C, explains: "Discovery requests must be served directly on the attorney for the party from whom discovery is sought." (*Id.*).

Accordingly, Plaintiff's request for clarification regarding the Court's scheduling order is GRANTED insofar as this order provides clarification regarding service on Defendants.

IT IS SO ORDERED.

Dated:    **March 11, 2026**                    /s/ _Erica P. Grosjean_
                                                UNITED STATES MAGISTRATE JUDGE